## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN E. MILLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-388-LPS |
| | : | |
| MICHAEL LITTLE, et al., | : | |
| | : | |
| Defendants. | : | |

John E. Miller, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

July 29, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

## I.    INTRODUCTION

Plaintiff John E. Miller ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983

alleging violations of his constitutional rights.[1]  Plaintiff, an inmate, is housed at the James T.

Vaughn Correctional Center ("VCC") in Smyrna, Delaware.  Plaintiff appears *pro se* and has

been granted leave to proceed *in forma pauperis*.  (D.I. 5)  Plaintiff moves for reconsideration

(D.I. 7) of the order requiring him to pay an initial partial filing fee.  Plaintiff also seeks leave to

file an amended complaint.  (D.I. 8)  The Court proceeds to review and screen the Complaint

pursuant to 28 U.S.C. § 1915 and§ 1915A.

## II.    BACKGROUND

The complaint contains nine counts against eleven defendants.  Plaintiff raises retaliation

and excessive force claims.  He seeks injunctive relief and compensatory damages.

## III.    LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions

that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court

must accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v.

County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his

pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The

2

assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the
elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.
Second, the Court must determine whether the facts alleged in the complaint are sufficient to
show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other
words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must
"show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual
content allows the Court to draw a reasonable inference that the defendant is liable for the
misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a
sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts
that are 'merely consistent with' a defendant's liability, it 'stops short of the line between
possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV.    DISCUSSION

Plaintiff raises nine counts, eight of which are retaliation counts, against eleven
defendants. The remaining count is an excessive force claim. A civil rights complaint must state
the conduct, time, place, and persons responsible for the alleged civil rights violations. *See
Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Hall v. Pennsylvania State Police*, 570
F.2d 86, 89 (3d Cir. 1978).

The complaint is deficiently pled. It consists of legal conclusions without supporting
facts and fails to meet the pleading requirements of *Iqbal*. In addition, there are no allegations in
the complaint that indicate when, or where, the acts complained of occurred or took place.

Further, one named defendant, the Delaware Department of Correction ("DOC") is
immune from suit by reason of the Eleventh Amendment. *See Seminole Tribe of Fla. v. Florida*,

517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984);

*Edelman v. Jordan*, 415 U.S. 651 (1974) (holding Eleventh Amendment of U.S. Constitution

protects unconsenting state or state agency from suit brought in federal court by one of its own

citizens, regardless of relief sought). Another defendant, the Inmate Grievance Board, is not a

person within the meaning of § 1983. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986)

(holding viable § 1983 claim requires plaintiff allege facts showing deprivation of constitutional

right, privilege, or immunity by person acting under color of state law).

Additionally, the complaint does not comply with Federal Rule Civil Procedure 20. Rule

20(1)(a)(2), states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right
> to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and any
> question of law or fact common to all defendants will arise in the
> action.

"In exercising its discretion [to join parties], the District Court must provide a reasoned

analysis that comports with the requirements of the Rule, and that is based on the specific fact

pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146,

157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. May

25, 2011). As the complaint is now pled, it is unclear if the claims are related. While joinder is

encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of

different actions against different parties which present entirely different factual and legal

issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001)

(citation omitted).

4

"The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007); *see also George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007) ("The [u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."); *Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002) (finding no abuse of discretion when district court denied leave to amend or supplement, as the "new claims were not relevant to the claims before that court").

Based upon the foregoing discussion, the complaint will be dismissed without prejudice as noncompliant with Fed. R. Civ. P. 20. Plaintiff will be given an opportunity to file an amended complaint. He is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. Thus, to the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file separate complaints addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185 (M.D. Pa. 1992).

Plaintiff is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with this Court's Order and will result in dismissal of the complaint. *See* Fed.

5

R. Civ. P. 20. In addition, the amended complaint or new complaints filed in compliance with this Order shall not include new claims. Finally, the failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of court.

## V.    MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration (D.I. 7) of the filing fee order (D.I. 5) that requires him to pay an initial partial filing fee. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citation omitted).

Plaintiff has failed to demonstrate any ground to warrant a reconsideration of the Court's March 15, 2013 Order. Therefore, the Motion for Reconsideration (D.I. 7) will be DENIED

## VI.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and in derogation of Fed. R. Civ. P. 20. Plaintiff will be given leave to file an amended complaint.

An appropriate Order follows.