## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN E. MILLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-388-LPS |
| | : | |
| CAPT. BURTON, et al., | : | |
| | : | |
| Defendants. | : | |

John E. Miller, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Ophelia Michelle Waters, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

## MEMORANDUM OPINION

September 29, 2014
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I.   INTRODUCTION

Plaintiff John E. Miller ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1]  Plaintiff, an inmate, is housed at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware.  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5)  Plaintiff has filed two motions to amend, opposed by Defendants.  For the reasons that follow, the Court will grant in part and deny in part the Motions to Amend.

## II.   MOTIONS TO AMEND

Plaintiff's Amended Complaint (D.I. 11) alleges retaliation by Defendants in the form of a transfer to a higher security level following his filing of grievances and a civil lawsuit against correctional officers.  Plaintiff has filed two motions to amend.  The first motion to amend (D.I. 18) seeks to add claims against C/O Christi Pierce ("Pierce") and C/O Shannon Corbett ("Corbett") for taking Plaintiff's property, specifically legal work and a pair of sneakers.  The second motion to amend (D.I. 20) seeks to add John Doe members of the Institutional Base Classification Committee ("IBCC") and to allege retaliation by the IBCC in blocking Plaintiff's return to a lower security level, all for the purpose of teaching him a lesson for collecting evidence of wrongdoing by correctional officers.  Defendants oppose the second motion to amend on the grounds that amendment is futile. (D.I. 21)  More particularly, Defendants argue that Plaintiff does not have "legitimate statutory or

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

constitutional entitlement" to any particular custodial classification.[2]  (*Id.* at ¶ 13)

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), (e), or (f) motion, whichever is earlier.  Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Rule 15 provides that the court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).  Amendment, however, is not automatic.  *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).  Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend."  *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

---

[2]Defendants ask the Court to deny the second motion to amend or, in the alternative, to reassert the motion to dismiss.  (D.I. 21 at Wherefore Clause)  The Court docket does not indicate that Defendants have filed a motion to dismiss in this case.

## III. DISCUSSION

### A. Personal Property

The Court will deny the motion to amend (D.I. 18) to add the claims that Plaintiff's property and sneakers were taken by Pierce and Corbett in violation of his right to due process. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for Plaintiff, he cannot maintain a cause of action pursuant to § 1983 and, therefore, amendment is futile. *See Hudson*, 468 U.S. at 535; *Nicholson v. Carroll*, 390 F. Supp. 2d 429, 435 (D. Del. 2005).

### B. Legal Work

The Court will grant the motion to amend (D.I. 18) to add a claim that Plaintiff's legal work was wrongfully taken by Pierce and Corbett. Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted).

### C. Retaliation

The Court will grant the second motion to amend (D.I. 20) to add a retaliation claim against John Doe members of the IBCC. Defendants are correct that Plaintiff does not have "legitimate statutory or constitutional entitlement" to any particular custodial classification. However, in the

retaliation context, "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *See also Williams v. Meyers*, 165 F. App'x 201 (3d Cir. Feb. 3, 2006) (inmate alleged he was fired from his prison kitchen job in retaliation for filing grievances against his supervisor); *Jefferson v. Wolfe*, 2006 WL 1947721 (W.D. Pa. July 11, 2006) (denying motion to dismiss claim that inmate's right to free speech was violated when he was fired from prison job for writing poems regarding injustice in courts and was then issued allegedly false misconduct reports). Here, Plaintiff alleges that a transfer to a lower security level was blocked in retaliation for Plaintiff's collection of evidence of wrong-doing by correctional officers.

## IV.   **CONCLUSION**

For the above reasons, the Court will grant in part and deny in part the first motion to amend (D.I. 18) and will grant Plaintiff's second motion to amend (D.I. 20). Plaintiff will be given leave to file an amended complaint that contains the claims as set forth in the amended complaint (D.I. 11), that is, the taking of legal materials claim and the IBCC retaliation claim.

An appropriate Order will be entered.